IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 08-cv-02415-MSK-KMT

KARMEN BERENTSEN,

    Plaintiff,

v.

TITAN TECHNOLOGY PARTNERS, LIMITED,

    Defendant.

_____

**ORDER DENYING MOTION TO STAY**
_____

**THIS MATTER** comes before the Court pursuant to Defendant's Unopposed Motion to Stay All Proceedings Pending Determination of Motion to Transfer **(#11)**.

## BACKGROUND

This case involves two claims for breach of contract. On January 12, 2009, Defendant filed a Motion to Transfer Venue **(#9)**, currently pending, seeking to have this case moved to the United States District Court for the Western District of North Carolina. Defendant now moves to stay all proceedings in this matter until its Motion to Transfer Venue is ruled upon by the Court.

## JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as the parties are diverse and the amount in controversy exceeds $ 75,000.00.

## ANALYSIS

Under Fed. R. Civ. P. 6(b), the Court has discretion to extend the time in which various acts must be completed for good cause. Defendant maintains that good cause exists to delay all further action in this case while its Motion to Transfer Venue remains pending. Specifically, Defendant argues that filing a responsive pleading, conducting discovery, preparing disclosures and participating in scheduling procedures will be unfruitful and potentially unnecessary in the event its Motion to Transfer Venue is granted.

To the contrary, the Court observes that the filing of a responsive pleading and case preparation will need to occur regardless of the outcome of the Motion to Transfer Venue. The Motion to Transfer Venue is not dispositive in nature[1]; if granted, it simply would move this litigation from one court to another. It is difficult to conceive that the responsibilities Defendant seeks to postpone would be substantially altered to a prejudicial extent in the event this case is transferred as requested. Under these circumstances, good cause does not exist for the relief being sought by Defendant.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Stay All Proceedings Pending Determination of Motion to Transfer **(# 11)** is **DENIED**.

Dated this 15th day of January, 2009.

**BY THE COURT:**

*Marcia S. Krieger*

---

[1]. The cases cited by Defendant to support a stay are inapposite to the present matter as they involve requests for stays pending resolution of dispositive motions that could potentially end litigation altogether as opposed to potentially changing the venue for ongoing litigation.

Marcia S. Krieger
United States District Judge