IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:08-cv-2415-MSK-KMT

KARMEN BERENTSEN,

      Plaintiff and Counterclaim Defendant,

v.

TITAN TECHNOLOGY PARTNERS, LIMITED,

      Defendant and Counterclaim Plaintiff.

---

## STIPULATED PROTECTIVE ORDER

---

Plaintiff and Counterclaim Defendant Karmen Berentsen and Defendant and Counterclaim Plaintiff TITAN Technology Partners, Limited, (together, the "Parties") have stipulated to the terms of this Protective Order.

This Protective Order is designed to preserve the confidentiality of certain testimony given by witnesses in this case and certain information contained in documents produced pursuant to the terms of this Protective Order. Documents and testimony deemed to be "confidential" shall be so designated in accordance with this Protective Order.

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, and adequately protect material entitled to be kept confidential, it is, by agreement of the Parties and pursuant to the Court's authority under the Federal Rules of Civil Procedure, STIPULATED AND ORDERED that:

      1.    This Protective Order shall apply to all documents, materials, and information, including, without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by Federal Rules of Civil Procedure.

2.      As used in this Protective Order, "document" is defined as provided in F.R.C.P. 34(a).  A draft or non-identical copy is a separate document within the meaning of this term.

3.      Inadvertent production or other disclosure of documents subject to work-product immunity, the attorney-client privilege or other legal privilege that protects information from discovery shall not constitute a waiver of the immunity, privilege, or other protection, provided that the producing party notifies the receiving party in writing when it becomes aware of such inadvertent production. Copies of such inadvertently produced privileged and/or protected document(s) shall be returned to the producing party or destroyed immediately upon notice of privilege and any information regarding the content of the document(s) shall be deleted from any litigation support or other database and is forbidden from disclosure and forbidden from use in this action or for any other reason at all. Any party or individual having inadvertently received privileged or protected information need not wait for notice from the producing party before complying with the above and is expected to comply with the requirements of paragraph 11 as soon as it is known or should be known, that the document and information contained therein, is privileged and/or protected.  The parties shall have the benefit of all limitations on waiver afforded by Federal Rules of Evidence 502. Any inadvertent disclosure of privileged information shall not operate as a waiver in any other federal or state proceeding, and the parties' agreement regarding the

effect of inadvertent disclosure of privileged information shall be binding on non-parties.

4.     Prior to designating any information as "CONFIDENTIAL," the designating party's attorney shall review the information and shall only so designate if he or she has a good faith belief that it is confidential or otherwise entitled to protection.  Information designated "CONFIDENTIAL" shall be information that implicates the privacy interests of Plaintiff, Defendant, or any director, officer, or employee of either Party and/or information contained in confidential business records, personnel records, documents, materials, and communications.  CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

5.     CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

(a)     attorneys who are actively working on this case;

(b)     persons regularly employed or associated with the attorneys actively working on this case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings;

(c)     the parties to this lawsuit and the officers, directors, and employees of the parties;

(d)     expert witnesses and consultants retained in connection with this case, to the extent such disclosure is necessary for preparation, trial or other proceedings;

(e)     the Court in this case and its employees ("Court Personnel");

(f)     stenographic reporters and videographers who are engaged in proceedings necessarily incident to the conduct of this case;

(g)     persons whose depositions are taken for use in this case; and

(h)     other persons by written agreement of the parties.

6.      Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel, stenographic reporters, and videographers), the Parties shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions.  All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

7.      Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the term "CONFIDENTIAL," or by designating them as "CONFIDENTIAL" in correspondence from counsel to the party producing documents.

8.      Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order.  Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the

designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

9.      The inadvertent or mistaken disclosure of CONFIDENTIAL information does not waive any party's or nonparty's claim of confidentiality. Any party or nonparty who inadvertently or mistakenly produces CONFIDENTIAL information without an appropriate designation of confidentiality shall promptly notify the party or parties receiving the CONFIDENTIAL information when inadvertent production is discovered.  Upon receiving written notice that material has been inadvertently or mistakenly produced without an appropriate designation of confidentiality, the party or parties receiving the CONFIDENTIAL information will immediately begin treating the material as CONFIDENTIAL information under this Order and either mark the material per the producing or disclosing party's instructions or return the CONFIDENTIAL information to the producing or disclosing party for marking.

10.      A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a

motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion.  In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

11.     A party's right to use any CONFIDENTIAL information at a hearing, trial, or other proceeding in this action shall be determined by the presiding Judge.  The designation of material as CONFIDENTIAL information shall not otherwise affect the Court's determination as to whether it shall be received into evidence; nor shall such designation constitute the authentication of such material or a waiver of any right to challenge the relevance, confidentiality, or admissibility of such material.

12.     Any person subject to this Order who receives a request or subpoena for production or disclosure of CONFIDENTIAL information shall, within three business days of receipt of the request or subpoena, give written or facsimile notice to the party or non-party who originally produced or disclosed the CONFIDENTIAL information, identifying the information sought and enclosing a copy of the subpoena or request.  The person subject to the subpoena or other request shall not produce or disclose the requested CONFIDENTIAL information without consent of the producing or designating party or nonparty until ordered to do so by a court of competent jurisdiction.  Nothing in the Order

shall be construed as prohibiting production of CONFIDENTIAL information covered by this Order in response to a lawful Court order.

13.     All CONFIDENTIAL information and all briefs, memoranda, affidavits, transcripts, exhibits, and other papers containing notes or summaries of CONFIDENTIAL information may be submitted to the Court only under seal in accordance with D.C.COLO.LCivR 7.3.  The Clerk of Court is hereby directed to place and maintain under seal any documents filed or delivered to the Court pursuant to this paragraph.

14.     At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL within forty-five (45) days of conclusion of the action, or the parties may elect to destroy CONFIDENTIAL documents; provided, however, that counsel for each party may retain one copy of the CONFIDENTIAL documents for the sole purpose of maintaining a complete file, and all such retained documents will not be released, disclosed, or utilized except upon express permission of this Court after written notice to counsel for the party that produced the documents.  Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction within forty-five (45) days after conclusion of the action.

15.     This Order shall survive the termination of this action.  This

Protective Order may be modified by the Court at any time for good cause shown

following notice to all parties and an opportunity for them to be heard.

Dated this 2nd day of June, 2009.

**BY THE COURT:**

_____

Kathleen M. Tafoya
United States Magistrate Judge

Stipulated and approved this 1st day of June, 2009:

s/ Katrina A. Skinner

Katrina A. Skinner
BUDMAN & HERSHEY LLC
1355 S. Colorado Blvd., Suite 600
Denver, CO 80222
Telephone: (303) 217-2018
Facsimile: (303) 217-2019
Katrina@budmanhershey.com
ATTORNEY FOR PLAINTIFF AND
COUNTERCLAIM DEFENDANT
KARMEN BERENTSEN

s/ Jordan Lipp

Jordan Lipp
DAVIS GRAHAM & STUBBS LLP
1550 Seventeenth Street, Suite 500
Denver, CO  80202
Telephone: (303) 892-9400
Facsimile: (303) 893-1379

-and-

Thomas G. Hooper
NELSON MULLINS RILEY &
SCARBOROUGH LLP
Bank of America Corporate Center,
42nd Floor
100 North Tryon Street
Charlotte, NC 28202-4007
Telephone: (704) 417-3000
Facsimile: (704) 377-4814

ATTORNEYS FOR DEFENDANT AND
COUNTERCLAIM PLAINTIFF
TITAN TECHNOLOGY PARTNERS,
LIMITED