IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 08-cv-02415-MSK-KMT

KARMEN BERENTSEN,

    Plaintiff,

v.

TITAN TECHNOLOGY PARTNERS, LIMITED,

    Defendant.

## ORDER

This matter is before the court on "Plaintiff/Counterclaim-Defendant Karmen Berentsen's Motion to Amend the Complaint" (Doc. No. 30, filed April 30, 2009 [hereinafter "Mot."].) Defendant and Counterclaim Plaintiff filed its response on May 20, 2009. (Doc. No. 39, Resp. to Pl./Counterclaim-Def. Karmen Berentsen's Mot. to Am. the Compl. [hereinafter "Resp."].) The plaintiff/counterclaim defendant filed her reply on June 8, 2009. (Doc. No. 44, Pl.'s Reply to Doc. 39, Def.'s Resp. to Doc. 37 Plaintiff's Mot. to Am. Compl. [hereinafter "Reply"].)

Plaintiff filed her original Complaint on November 6, 2008, asserting breach of contract claims against Defendant TITAN Technology Partners, Limited ("TITAN"). Plaintiff moves to amend her Complaint to add claims against Michael Vadini, Chief Executive Officer of TITAN, individually, and to add claims for harassment and retaliation under Title VII, 42, U.S.C. §

2000e and the Colorado Anti-Discrimination Act, Colo. Rev. Stat. § 24–34–402(1)(a) ("CADA"). Defendant argues that Plaintiff's motion to add two CADA claims should be denied because it would be futile to allow the claims to be added.

Plaintiff alleges in her proposed Amended Complaint that TITAN acquired GBSynergy, a company in which Plaintiff was the majority shareholder, in April 2007. (Am. Compl., ¶ 7.) TITAN paid Plaintiff in excess of $1 million, gave her 140,887 shares of TITAN Class C Common Stock, and hired her as Senior Vice President of Education Services, with a starting base salary of $200,000 per year. (*Id.*, ¶¶ 8, 14.) Plaintiff moved from Colorado to TITAN's headquarters in North Carolina and began working there. (*Id.*, ¶ 11.) Plaintiff alleges at some point she entered into a "consensual sexual relationship with Titan's chief executive officer, Michael A. Vadini," who, at the time, was separated from his wife. (*Id.*, ¶ 16–17.) In July 2007, Vadini told Plaintiff he was returning to his wife, and he and Plaintiff agreed to end their relationship. (*Id.*, ¶ 22.)

Plaintiff alleges that after her relationship with Vadini ended, he harassed her and made her working conditions intolerable. (*Id.*, ¶¶ 26, 33.) Plaintiff alleges that Vadini named her Senior Vice President of Sales for Organizational Management in September 2007 and told her she should return to Colorado. (*Id.*, ¶¶ 34, 37.) Plaintiff "perceived that she was effectively being pushed out of Titan because of her past relationship with Mr. Vadini." (*Id.*, ¶ 40.)

Plaintiff alleges in her Amended Complaint that on October 9, 2008, she filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). (*Id.*, ¶ 51.) It

appears that Plaintiff completed an EEOC "EAS Questionnaire" on the EEOC's website on October 9, 2008 (*id.*, Ex. A.), and that she signed a formal "Charge of Discrimination" on December 2, 2008 (*id.*, Ex. B.). The Charge alleged the following:

> I believe I have been discriminated against because of my sex (female) in retaliation for having opposed a discriminatory practice, in violation of Title VII of the Civil Rights Act of 1964, as amended, in as much as:
> A. I was performing in a satisfactory manner.
> B. I was involved in a consensual sexual relationship with my supervisor. When it ended in July 2007, my supervisor made my work environment hostile and prevented me from carrying out my duties. I was ultimately demoted and relocated in or about September 2007.
> C. I was constructively discharged on or about 043008 due to the conditions placed on me working remotely. I felt I had no choice but to resign.

(*Id.*) The Charge also indicates that Plaintiff wanted the charge filed with the EEOC and the State or local Agency. (*Id.*) Plaintiff alleges the EEOC issued its "right to sue" letter, allowing Plaintiff to file civil actions against TITAN and Mr. Vadini. (*Id.*, ¶ 53.)

Pursuant to Fed. R. Civ. P 15(a), the court is to freely allow amendment of the pleadings "when justice so requires." The grant or denial of an opportunity to amend is within the discretion of the court, but "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by

amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

Defendant argues only that Plaintiff's motion should be denied because it would be futile to allow the claims to be added. An amendment to a complaint is futile only if the plaintiff can prove no set of facts in support of his amendment that would entitle him to relief. *See, e.g., Beckett v. United States*, 217 F.R.D. 541, 543 (D. Kan. 2003). "Although Fed. R. Civ. P. 15(a) provides that leave to amend shall be given freely, the district court may deny leave to amend where amendment would be futile. A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Jefferson County Sch. Dist. v. Moody's Investor's Services*, 175 F.3d 848, 859 (10th Cir. 1999). *See also, Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992). To withstand a motion to dismiss, the complaint, when taken as true and in the light most favorable to the plaintiff, "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Consequently, the issue in resolving a motion to amend, when futility of amendment is argued, is "'not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

4

Defendant first argues that Plaintiff failed to exhaust the administrative remedies provided by the CADA, thereby depriving this Court of subject matter jurisdiction. (Resp. at 7.) Defendant argues that Plaintiff's Amended Complaint does not allege that she filed a charge with the Colorado Civil Rights Division, as is required under CADA. (*Id.* at 12 [citing *Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005)].) Second, Defendant argues that the Charge fails to allege that Michael Vidini, as opposed to TITAN, violated any party of the CADA, and, therefore, Plaintiff has failed to give notice to Vadini that he could be held responsible for violating CADA. (*See id.* at 13–16.) Third, Defendant argues that Plaintiff's Charge failed to put TITAN or the CCRD on notice that she believed TITAN had violated the CADA. (*See id.* at 17–18.) Last, Defendant argues Plaintiff's CADA claims are time barred. (*See id.* at 18–21.)

As to the administrative exhaustion and statute of limitations issues, Plaintiff asserts that Colorado is a "dual filing" state, and, as such, a complaint filed with the EEOC is considered filed with the CCRD. (Reply. at 2.) Plaintiff's states that the CCRD "acknowledged receipt of [Plaintiff's] complaint filed with the EEOC on or about December 2, 2008." (Br. in Supp. of Mot. to Am. Compl. at 2.) Plaintiff further states that the EEOC may choose to defer investigation of a complaint to the CCRD, but in this case did not do that. (*Id.*) Plaintiff argues that the EEOC provided notice of the complaint to TITAN, inquired whether TITAN wished to participate in mediation, and ultimately issued a right to sue letter. (*Id.* at 3.) It is unclear from the parties' briefing how the "dual filing" agreement may affect the administrative exhaustion

and statute of limitations issues. As to the notice issues, the court finds the statements made in the Charge sufficient to put TITAN and Mr. Vadini on notice of the claim.

Although Defendant has made extensive and persuasive arguments why Plaintiff's motion to amend should be denied as futile, Plaintiff's proposed amendments are not clearly futile. The issues raised by the defendant would be more appropriately resolved by way of a motion to dismiss or a motion for summary judgment. The better course of action is to consider the defendant's arguments at these other procedural junctures rather than to deny Plaintiff the opportunity to assert these claims.

Accordingly, "Plaintiff/Counterclaim-Defendant Karmen Berentsen's Motion to Amend the Complaint" (Doc. No. 30) is GRANTED. The Clerk of Court shall file the "First Amended Complaint and Jury Demand" (Doc. No. 31-6).

Dated this 10th day of July, 2009.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge