IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 08-cv-02415-MSK-KMT

KARMEN BERENTSEN,

        Plaintiff,

v.

TITAN TECHNOLOGY PARTNERS, LIMITED,

        Defendant.

**OPINION AND ORDER TRANSFERRING CASE**

THIS MATTER comes before the Court pursuant to Defendant Titan Technology Partners's ("Titan") motion to transfer the case to the United States District Court for the Western District of North Carolina located in Charlotte, North Carolina (**#9**) a Response (**#18**) and a Reply (**#21**). Having considered this record and finding no need for further argument or presentation of the evidence, the Court finds and concludes as follows.

**I.   JURISDICTION**

The Court exercises in this matter pursuant to 28 U.S.C. § 1332.

**II.   MATERIAL FACTS**

For the determination of this motion, only, the Court treats the following facts as either undisputed, or construes them most favorably to the nonmovant, Plaintiff Karmen Berentsen ("Ms. Berentsen") .

Prior to April 2007,  Ms. Berentsen was the majority shareholder and president of GBSYNERGY, Inc, a Michigan corporation that provided strategy, consulting, training, and

outsourcing services in Colorado.  In April 2007, Titan, a North Carolina corporation, acquired GBSYNERGY, pursuant to the terms of a merger agreement.  In exchange for her interest in GBSYNERGY, Titan paid Ms. Berentsen approximately $1 million and gave her 140,887 shares of Titan class C common stock.  As a part of this process, Titan and Ms. Berentsen entered into a shareholder agreement (the "Shareholder Agreement"), which contains the following choice of law and mandatory forum selection clause:

> 12.    **Jurisdiction**.  This [Shareholder] Agreement is made pursuant to, and will be governed by and construed in accordance with, the laws of the State of North Carolina . . . . **Each of the parties hereby (a) irrevocably consents and agrees that any legal or equitable action or proceeding arising under or in connection with this [Shareholder] Agreement shall be brought exclusively in any federal or state court within the County of Mecklenburg, State of North Carolina;[1]** [and] (b) by execution and delivery of this [Shareholder] Agreement, irrevocably submits to and accepts with respect to its properties and assets, generally and unconditionally, the jurisdiction of the aforesaid courts, and irrevocably waives any and all rights it may have to object to such jurisdiction . . . .

Titan also entered into an employment agreement (the "Employment Agreement") with Ms. Berentsen hiring her as a senior vice president of the company.  The Employment Agreement also contains a choice of law and mandatory forum selection clause as follows:

> 17.    **Applicable Law, Exclusive Venue, Jurisdiction.**  *The Parties understand and agree that this [Employment] Agreement shall be governed by and construed in accordance with the laws of the State of North Carolina without regard to otherwise applicable conflict-of-law principles.*  Moreover, any litigation under this [Employment] Agreement shall be brought exclusively in the State of north Carolina, notwithstanding that the Executive [Ms. Berentsen] may not be a resident of North Carolina when the

---

[1] The United States District Court for the Western District of North Carolina is located in Charlotte, North Carolina, which is in Mecklenburg County.

> litigation is commenced and/or cannot be served process within North Carolina. As such, the Parties irrevocably consent to the jurisdiction of the courts of North Carolina (whether federal or state) for all disputes related to this [Employment] Agreement.
> (Emphasis in original.)

In order to perform her work with Titan, Ms. Berentsen re-located to North Carolina.

From approximately April 2007 to July 2007, Ms. Berentsen was involved in a romantic relationship with the CEO of Titan. During the course of their relationship, the CEO promoted Ms. Berentsen and massively increased her salary. In July 2007, the CEO ended the relationship and allegedly began to make it difficult for Ms. Berentsen to complete her work duties. In September 2007, the CEO demoted Ms. Berentsen. Ms. Berentsen subsequently returned to Colorado, where she continued to work in a new role for Titan.

In January 2008, Ms. Berentsen confronted the CEO with concerns that she was being pushed out of the company. The CEO allegedly stated that if Ms. Berentsen would resign, she could continue her employment with Titan, draw a salary through April 2008 and could liquidate her stock. Thereafter, Ms. Berentsen resigned from her position with Titan.

In this actions, Ms. Berentsen claims that she was constructively discharged and, therefore, terminated without cause. She claims that Titan is in breach of the Employment Agreement, by failing to pay severance benefits due upon her termination. She also alleges that contrary to her oral agreement with the CEO, he never liquidated her shares or paid her the cash value of the shares.

The initial Complaint in this action states two breach of contract claims - for breach of the Employment Agreement and breach of the CEO's verbal promise. Ms. Berentsen superseded such complaint with a six-claim Amended Complaint, in which she asserts claims for breach of

contract, as well as claims for harassment, and retaliation against Titan and Titan's CEO, in violation of Title VII, 42 U.S.C. §2000e, and the Colorado Anti-Discrimination Act, Colo. Rev. Stat. § 24-34-402(1)(a) ("CADA").[2]

## III. ANALYSIS

Pursuant to 28 U.S.C. § 1404(a), a district court may transfer a civil action to another district where it might have been brought "[f]or the convenience of parties and witnesses" and "in the interest of justice".  The party seeking the transfer bears the burden of establishing that the existing forum is inconvenient.  *Chrysler Credit Corp. v. Country Chrysler, Inc*., 928 F.2d 1509, 1515 (10th Cir. 1991).  A court's decision whether to transfer a case is based on a balance of factors, and a plaintiff's choice of forum should not be disturbed unless the evidence and the circumstances of the case fall strongly in favor of the transfer.  *See Tex. Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967).

In deciding whether to transfer a case, courts generally undertake a three-part inquiry. First, it must be determined whether the case could have initially been brought in the proposed transferee court.  *See Chrysler Credit Corp.*, 928 F.2d at 1515.  Here, the parties agree that Ms. Berentsen could have initiated this case in the United States District Court for the Western District of North Carolina.

Because this case properly could have been brought in the United States District Court

---

[2] Titan's motion to transfer is directed at the original complaint.  Titan has objected to the Magistrate Judge's decision authorizing Ms. Berentsen to amend the initial Complaint and bring claims under CADA and has moved to dismiss Ms. Berentsen's CADA claims.  The Court's analysis of the motion to transfer arrives at the same result independent of whether the CADA and Title VII claims are allowed.  Accordingly, the Court does not consider either Titan's motion or objections.

for the Western District of North Carolina, the Court considers how the following factors relate to the requested transfer: (1) the plaintiff's choice of forum; (2) the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; (3) questions as to the enforceability of a judgment if one is obtained; (4) relative advantages and obstacles to a fair trial; (5) difficulties that may arise from congested dockets; (6) the possibility of the existence of questions arising in the area of conflict of laws; (7) the advantage of having a local court determine questions of local law; and (8) any other practical considerations to make a trial easy, expeditious and economical.  *See Tex. Gulf Sulphur*, 371 F.2d at 147; *Chrysler Credit Corp.*, 928 F.2d at 1516. Additionally, although not dispositive, the Court considers mandatory forum selection clauses, treating them as presumptively valid and, if reasonable, enforcing them.  *See REO Sales Inc. v. Prudential Ins. Co. of Am.*, 925 F. Supp. 1491, 1493 (D. Colo. 1996); *Milk 'N' More, Inc. v. Beavert*, 962 F.2d 1342, 1344 (10th Cir. 1992).

Ms. Berentsen's choice of Colorado as a forum weighs against transfer.  However, the parties agree that the evidence and witnesses, other than Ms. Berentsen and one Titan employee,[3] are located in North Carolina.  In the interests of convenience and fairness, this factor weighs in favor of transfer.[4]  Also, because Ms. Berentsen's claims involve contracts governed

---

[3] The Titan employee in question lives in South Carolina, within 100 miles of Charlotte, North Carolina, where the federal courthouse for the Western District of North Carolina is located.

[4] Ms. Berentsen suggests that deposition testimony may be used in place of live testimony at trial for any witnesses that are unavailable to travel to Colorado, and argues that any proof is likely electronically stored and could be easily moved to Colorado.  Although this may be true, such suggestions are accompanied by expense that can be avoided if the matter is tried in North Carolina.  In addition, such measures are less desirable than having live testimony presented at

-5-

by North Carolina state law, there is arguably a slight advantage in a North Carolina court determining questions of law.[5]  There is no suggestion that a judgment rendered in one court would be more or less enforceable, there is no suggestion that trial would likely be expedited on one court as compared to another, and the parties express no concern over conflict of laws.

Finally, the Court turns to the mandatory forum selection clauses, which Titan argues favor transfer of Ms. Berentsen's breach of contract claims.  Ms. Berentsen concedes that her claim for breach of the Employment Agreement is subject to the mandatory forum selection clause in the agreement, but argues that transfer is neither convenient nor fair, because transfer would merely shift the inconvenience and expense of litigation from the various Titan employees to Ms. Berentsen.  Ms. Berentsen also argues that her claim for breach of the oral contract concerning disposition of her stock shares is not subject to the mandatory forum selection clause contained in the Shareholder Agreement, because it is based on a separate, oral agreement.

Neither of Ms. Berentsen's arguments is persuasive.  When parties and evidence are located in different jurisdictions, some inconvenience will be incurred by one party or the other.  That is why the Court considers many factors and, with regard to convenience, most carefully considers the impact upon witnesses who have no interest in the action but are nevertheless compelled to participate in it.  As noted earlier, most of the witnesses are located in North

---

trial.  Thus, even in light of such accommodations, this factor continues to favor transfer.

[5] To the extent Ms. Berentsen's claims for harassment under either Title VII or CADA are allowed, the same analysis holds true with one exception.  A claim under CADA would necessarily arise under Colorado law, which would result in a slight advantage to having a Colorado court hear and decide it. But claims brought under Title VII require application of federal law.  Therefore, either court could handle the matter.  The witnesses and proof concerning such claims are the same as those for the breach of contract claims.

Carolina.  The total expense in the lawsuit is minimized by centering it where most of the witnesses and proof are located.

With regard to prior agreements as to the forum selection, the parties' dispute about the oral agreement is, in part, one that involves questions as to whether or how the oral agreement affects enforcement of the prior written the Shareholder Agreement.  Such dispute makes this action a lawsuit "in connection with" the Shareholder Agreement.  The terms of the mandatory forum selection clause in the Shareholder Agreement require that any lawsuit "arising under or **in connection with** this [Shareholder] Agreement" be brought exclusively in a federal or state court within the County of Mecklenburg, State of North Carolina.  (Emphasis added.)  Accordingly,  Ms. Berentsen's claim for breach of oral contract is subject to the mandatory forum selection clause.

The only factors that favor retention of this case in Colorado are Ms. Berentsen's choice of forum and application of Colorado law in conjunction with the CADA claim.  All other factors are either neutral or strongly favor transfer of the matter to North Carolina.  Considering all of the factors, the Court concludes that, on balance, transfer is strongly favored. Transfer of this matter will best serve the interests of convenience, reduction of expense and a fair determination.

**IV.   CONCLUSION**

In light of the foregoing, it is **ORDERED** that Titan's motion to transfer (**#9**) is **GRANTED**.  This case is hereby transferred to the United States District Court for the Western District of North Carolina, pursuant to 28 U.S.C. § 1404(a). The Clerk shall take appropriate steps to physically effect the transfer.

Dated this 30th day of September, 2009

                                     **BY THE COURT:**

                                     _____

                                     Marcia S. Krieger
                                     United States District Judge